792 So.2d 699 (2001)
STATE of Florida, Petitioner,
v.
David S. ROSS, Respondent.
No. 5D01-1115.
District Court of Appeal of Florida, Fifth District.
August 31, 2001.
*700 Robert A. Butterworth, Attorney General, Tallahassee, Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Petitioner.
Jeffrey G. Thompson of Jeffrey G. Thompson, P.A., Melbourne, for Respondent.
PALMER, J.
The State of Florida petitions this court by writ of certiorari to review an order of the circuit court granting David Ross's motion to compel the production of photographs allegedly constituting child pornography.[1] We have jurisdiction. See Fla. R.App. P. 9.030(b)(2). In light of our adoption of the reasoning set forth in United States v. Kimbrough, 69 F.3d 723 (5th Cir.1995), cert. denied, 517 U.S. 1157, 116 S.Ct. 1547, 134 L.Ed.2d 650 (1996), we vacate the trial court's order and remand for further proceedings.
Ross has been charged with thirty counts of possessing material depicting sexual conduct by a child in violation of section 827.071(5) of the Florida Statute (1999). The materials at issue are photo images contained on various computer files. A pretrial hearing was held on Ross' request for discovery of the allegedly pornographic computer photo images. At the hearing, the State argued that the images were contraband and thus could not be lawfully possessed by Ross, nor lawfully disseminated by the Florida Department of Law Enforcement (FDLE). The State noted that while section 893.13(8) of the Florida Statutes (1999) provides a statutory exception for the delivery of controlled substances for the purpose of research and testing, no similar exception exists for the possession of child pornography. The State offered to make all reasonable accommodations for Ross, and his counsel and experts, to review the images provided that FDLE retained control over them. However, Ross rejected the State's offer and argued he should be allowed to have possession of the images. The trial court ruled that Ross was entitled to receive copies of the images because possession of the images was necessary in order for him *701 to adequately prepare for trial. We disagree.
Although there is no constitutional right to discovery in a criminal case, see Young v. State, 739 So.2d 553, 559 (Fla. 1999), criminal defendants do have a right to pretrial discovery under Florida Rule of Criminal Procedure 3.220(b). Rule 3.220(b) authorizes defense counsel to inspect, copy, test, and photograph any tangible papers or objects:
Rule 3.220 Discovery
* * *
(b) Prosecutor's Discovery Obligation.
(1) Within 15 days after service of the Notice of Discovery, the prosecutor shall serve a written Discovery Exhibit which shall disclose to the defendant and permit the defendant to inspect, copy, test, and photograph the following information and material within the state's possession or control:
* * *
(F) any tangible papers or objects that were obtained from or belonged to the defendant;
* * *
(I) whether there has been any search or seizure and any documents relating thereto ...
Although the Florida appellate courts have not addressed the specific point raised by the State herein, in United States v. Kimbrough, 69 F.3d 723 (5th Cir.1995), cert. denied, 517 U.S. 1157, 116 S.Ct. 1547, 134 L.Ed.2d 650 (1996), the identical issue was addressed by the Fifth Circuit, although in a different procedural context.
In that case, the defendant was charged with receiving and possessing child pornography. The charges were based upon depictions of child pornography primarily recovered from the defendant's computer equipment. The defendant moved for inspection and copying of the computer files containing the child pornography, citing to rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure:
Rule 16. Discovery and Inspection
(a) Governmental Disclosure Evidence.
(1) Information subject to disclosure
* * *
(c) Documents and Tangible Objects.
* * *
Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs [and] tangible objects... which are within the possession... of the government ... and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.
When the government refused to allow him to copy the computer files, the defendant moved for dismissal of the charges against him. In response, the government offered to take the computer files to the defendant's expert and also offered to allow the defendant to examine the files at the United States Customs Service office, the United States Attorney's office, or defense counsel's office. The trial court denied the defendant's motion to dismiss. On direct appeal from his subsequent conviction, the defendant argued that the government's refusal to allow him to copy the computer files, along with its efforts to restrict his access to the material, violated the terms of rule 16(a)(1)(C) in derogation of his constitutional rights of due process and effective assistance of counsel. The Fifth Circuit rejected his claim stating:

*702 Child pornography is illegal contraband. [Citations omitted]. We decline to find that Rule 16 provides such contraband can be distributed to, or copied by, the defense. However, even if there was a Rule 16 violation, Kimbrough's argument fails. The government's offer to make the materials available for inspection but not to allow them to be copied was reasonable.
Id. at 730. Thus, the Kimbrough court concluded that, notwithstanding the government's broad duty to disclose as set forth in rule 16, the government was under no obligation to turn over the contraband child pornography. We find the reasoning of Kimbrough sound and hereby adopt it as our own.
Here, the State did not maintain that the photo images could not be reviewed by Ross, just that the State should not be ordered to relinquish control over them. Ross has failed to demonstrate any prejudice or harm which would be caused by the procedures proposed by the State for review of these materials. The only potential harm specifically alleged by Ross was the potential that he would be required to reveal the identity of his consulting experts, information which is normally protected by the work product privilege. That concern can be adequately addressed by the trial court fashioning procedures which would allow Ross' consulting experts to review the photo images without their identity being disclosed.
Order VACATED, and case REMANDED for further proceedings consistent with this opinion.
PLEUS and ORFINGER, R.B., J.J., concur.
NOTES
[1] The trial court's order has been stayed by this court pending disposition of this matter.