[No. D040021. Fourth Dist., Div. One. May 8, 2002.]

DAVID ALAN WESTERFIELD, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Boyce & Schaefer, Robert E. Boyce, Laura G. Schaefer; Law Offices of Steven E. Feldman, Steven E. Feldman and Rebecca P. Jones for Petitioner.

No appearance for Respondent.

Paul J. Pfingst, District Attorney, Gregory Thompson, Assistant District Attorney, and Anthony Lovett, Deputy District Attorney, for Real Party in Interest.

## OPINION

## McDONALD, J.—

### FACTUAL AND PROCEDURAL BACKGROUND

David Alan Westerfield has been charged with murder with special circumstances, kidnapping, and misdemeanor possession of child pornography.

Before the police arrested him, they searched Westerfield's home several times and seized, among other items, thousands of computer-stored and video images of allegedly obscene matter.

Westerfield requested that the prosecutor provide him copies of all images seized by the police. (Pen. Code,[1] § 1054.1, subd. (c).) Refusing the request on the basis that the duplication and distribution would violate the child pornography statute, section 311.1,[2] the deputy district attorney nevertheless permitted defense counsel to view the images at the FBI's computer crimes office in the presence of law enforcement representatives who remained in the room and monitored their activities.

Westerfield moved to compel production and copying of the computer and video images so that his attorneys could view them privately, have them examined by experts and talk confidentially. After reviewing binders of the images provided by the People, the court denied the motion, pointing out that (a) the People had agreed to provide Westerfield's attorneys unfettered access to the images and to remove law enforcement personnel from the room during the defense examination of the material, and (b) any defense expert would be able to sift through the material quickly and determine which images the People might seek to introduce at trial. The court reasoned that it did not have jurisdiction to order the prosecutor to duplicate and/or turn over the images to the defense and the copying and dissemination would violate section 311.1. Trial is set for May 17.

Westerfield challenges the ruling by this petition. He argues neither the statute nor public policy prohibits the copying of alleged child pornography for use by the defense in preparing its case. To the contrary, Westerfield points out, section 311.1, subdivision (b) expressly provides the statute prohibiting the possession, publication and dissemination of child pornography "does not apply to the activities of law enforcement and prosecuting

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] Section 311.1, subdivision (a), provides: "Every person who knowingly sends or causes to be sent, or brings or causes to be brought, into this state for sale or distribution, or in this state possesses, prepares, publishes, produces, develops, duplicates, or prints any representation of information, data, or image, including, but not limited to, any film, filmstrip, photograph, negative, slide, photocopy, videotape, video laser disc, computer hardware, computer software, computer floppy disc, data storage media, CD-ROM, or computer-generated equipment or any other computer-generated image that contains or incorporates in any manner, any film or filmstrip, with intent to distribute or to exhibit to, or to exchange with, others, or who offers to distribute, distributes, or exhibits to, or exchanges with, others, any obscene matter, knowing that the matter depicts a person under the age of 18 years personally engaging in or personally simulating sexual conduct, as defined in Section 311.4, shall be punished either by imprisonment in the county jail for up to one year, by a fine not to exceed one thousand dollars ($1,000), or by both the fine and imprisonment, or by imprisonment in the state prison, by a fine not to exceed ten thousand dollars ($10,000), or by the fine and imprisonment."

agencies in the investigation and prosecution of criminal offenses . . . ."[3] He also asserts the ruling denies him access to evidence necessary for his counsel to effectively represent him. We requested a response.

## DISCUSSION

 The People counter that the exemption in section 311.1, subdivision (b) authorizes the duplication and distribution of the images only by "law enforcement and prosecuting agencies." Applying the rule of *expressio unius est exclusio alterius* the People argue the failure to include the defense within section 311.1, subdivision (b) means the Legislature did not intend to exempt the defense—and therefore requiring the prosecutor to duplicate material and turn it over to the defense would require the prosecutor to break the law.[4] The People further note that section 312[5] permits the court to order the images destroyed postconviction but does not mention the defense, and copies in the possession of the defense would remain in circulation beyond the court's control.

 The cardinal rule of statutory construction is to ascertain the intent of the Legislature and thus effectuate the purpose of the law. We start by looking to the plain meaning of the statutory language and, if further analysis is necessary, apply a reasonable and common sense interpretation and avoid absurdity. (See *DeYoung v. City of San Diego* (1983) 147 Cal.App.3d 11, 17-18 [194 Cal.Rptr. 722], overruled on other grounds in *Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1 [78 Cal.Rptr.2d 1, 960 P.2d 1031].)

 The obvious intent of the Legislature in enacting section 311.1, subdivision (a) was to criminalize the publication and/or distribution of material depicting minors engaged in sexual activities. If the statute extended to the criminal action itself, however, there would be no conceivable way for the state to try these cases or for the alleged child pornographers to defend against the charges. Thus, by providing the exemption for the activities of agencies involved in the investigation and prosecution of criminal

---

[3] Section 311.1, subdivision (b), provides: "This section does not apply to the activities of law enforcement and prosecuting agencies in the investigation and prosecution of criminal offenses or to legitimate medical, scientific, or educational activities, or to lawful conduct between spouses."

[4] The People make the same argument with respect to the companion exemptions for law enforcement and prosecuting agencies in sections 311.2, subdivision (e) and 311.3, subdivision (c).

[5] Section 312 provides: "Upon the conviction of the accused, the court may, when the conviction becomes final, order any matter or advertisement, in respect whereof the accused stands convicted, and which remains in the possession or under the control of the district attorney or any law enforcement agency, to be destroyed, and the court may cause to be destroyed any such material in its possession or under its control."

offenses under section 311.1, subdivision (b), the Legislature made it clear that use in the criminal action of images depicting minors involved in sexual activities does not qualify as the dissemination of child pornography under the statute.

Nothing in the plain language of section 311.1 prohibits the copying of the images for use by the defense in preparing for trial. The People's interpretation of the statute—that the deputy district attorney would violate the law if he copied the images for the defense—not only defeats the purpose of the law and exalts absurdity over common sense, but it is also logically flawed. If the exemption in section 311.1, subdivision (b) allows the prosecutor to duplicate and distribute the images for prosecution purposes as the People readily concede, then the prosecutor can duplicate and distribute the images with impunity to any of the players in the criminal action—to the court pretrial as the prosecutor did on the motion here, to the jury at trial and/or to the defense as part of the prosecutor's discovery duties. In addition, to the extent there is any genuine concern about the disposition of the material provided to the defense, the court can issue a protective order limiting disclosure to counsel and their agents or order the return of the images to the court for destruction at the conclusion of the case under section 312.

Finally, requiring the defense to view—and apparently commit to memory —the "thousands" of images at the computer crimes office obviously impacts Westerfield's right to effective assistance of counsel and his right to a speedy trial.

Because of the temporal urgency of the action and the clear entitlement to relief, a peremptory writ in the first instance is proper. (Code Civ. Proc., § 1088; *Alexander v. Superior Court* (1993) 5 Cal.4th 1218 [23 Cal.Rptr.2d 397, 859 P.2d 96]; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961].)

Let a writ issue directing the superior court to vacate its April 25, 2002 ruling and enter an order requiring the prosecution to provide copies of the computer and video images to the defense. The documents filed in connection with this petition that were filed under seal below shall remain sealed. This opinion is made final immediately as to this court. (Cal. Rules of Court, rule 24(d).)

Huffman, Acting P. J., and McConnell, J., concurred.