**UNITED STATES of America,**

v.

**Jimmy Richard HUSBAND, Defendant.**

**No. CIV.A.4:02–CR–125.**

United States District Court,
E.D. Virginia,
Newport News Division.

Feb. 25, 2003.

**468**

Arenda L. Wright Allen, Assistant United States Attorney, Norfolk, VA, Counsel for USA.

Christopher Joseph Collins, Richmond, VA, pro se.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

On February 21, 2003, this court held a hearing on defendant Jimmy Richard Husband's Motion to Provide Copy of Evidence to Defendant and his Motion to Order Government to Provide Discoverable Evidence or, Alternatively, to Have Said Evidence Suppressed. For the reasons stated from the bench and outlined below, the Motion to Order Government to Provide Discoverable Evidence or, Alternatively, to Have Said Evidence Suppressed is **MOOT**, and the Motion to Provide Copy of Evidence to Defendant is **DENIED**.

On October 15, 2002, an indictment was filed charging defendant with seventeen counts of Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(a)(d) and 2256(1) and (2); one count of Transportation of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2256(1) and (2); and two counts of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(1) and (2). The seventeen counts charging exploitation spring from incidents captured on a video tape seized by the Newport News police, a copy of which was provided to the government. The Motion to Order the Government to Provide Evidence contends that there was audio missing from eight minutes of the videotape in question when defense counsel viewed it. However, since the filing of defendant's motion, the government has learned that the tape in its possession was a faulty copy. The government has since obtained the original, which has the audio intact, and that tape is now available for defense counsel to view. Therefore, upon defense counsel's own admission at the hearing, this motion is moot.

Defendant maintains, however, that due process requires that he receive a copy of the tape in question so that he can have an expert examine the tape and attempt to determine the age of the individual appearing on the tape with defendant. He requests that this court order the government to provide a copy of the tape for his attorney and expert to analyze. The government maintains that it has allowed, and will continue to allow, full access to the tape by counsel for the defendant and any expert he wishes to utilize. The government refuses, however, to provide defendant with a copy of the tape, contending that it is contraband.

Though there is a dearth of Fourth Circuit precedent in this area, the Fifth and Eighth Circuits have addressed situations analogous to the one presently before the court. In *United States v. Kimbrough*, the court recognized that child pornography is contraband and declined to find that Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure required that such contraband be distributed to or copied by the defense. 69 F.3d 723, 731 (5th Cir.1995). The court found the government's offer to make such materials available to be sufficient under Rule 16. *Id.* In *United States v. Horn*, the Eighth Circuit upheld the district court's refusal to allow the copying of video tapes containing child pornography, stating that the tapes were contraband. 187 F.3d 781, 792 (8th Cir.1999). The court found that the government's offer to have the tapes available for viewing by defendant's expert accomplished the

purpose for which defendant sought the tapes. *Id.* Citing to Federal Rule of Criminal Procedure 16(d)(1), the court also noted that it was within the court's discretion under the rule to deny or restrict discovery or inspection of materials. *Id.*

This court agrees with the Fifth and Eighth Circuits and finds that the tape in question, which is alleged to contain child pornography, is subject to forfeiture under 28 U.S.C. § 2254(a)(1) and, as such, is contraband. This court will not order that contraband be distributed to defendant or his counsel.

The court further finds that the government has met its obligations under Rule 16 of the Federal Rules of Criminal Procedure by allowing access to the tape. To assure that such access continues, the court directs that, with twenty-four hours notice, the tape be made available to defendant's counsel and any expert he chooses to utilize, and that the government provide a private room and viewing facilities. Defendant's counsel does not have to identify the expert in arranging access for viewing.[1]

Therefore, for the reasons stated herein, and from the bench on February 21, 2003, the Motion to Order Government to Provide Discoverable Evidence or, Alternatively, to Have Said Evidence Suppressed is **MOOT**, and the Motion to Provide Copy of Evidence to Defendant is **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to counsel for the defendant and the Assistant United States Attorney.

**IT IS SO ORDERED.**

---

1. Defendant is not relieved of his disclosure obligations under Rule 16(b) of the Federal Rules of Criminal Procedure.