76 P.3d 449

**Anthony Jon CERVANTES, Petitioner,**

v.

**The Honorable Jeffrey S. CATES, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**State of Arizona, Real Party in Interest.**

**No. 1 CA–SA 03–0157.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 23, 2003.

Review Denied March 16, 2004.*

---

* Chief Justice Jones and Justice Ryan voted to grant review.

180

Robert L. Storrs, PC By Robert L. Storrs, Phoenix, Attorneys for Petitioner.

Richard M. Romley, Maricopa County Attorney By Lisa Marie Martin, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

KESSLER, Judge.

¶ 1 The issue raised by special action petition is whether the due process clauses of the United States and Arizona Constitutions as well as Arizona Rule of Criminal Procedure ("Rule") 15.1 require that the State provide to a defendant or his counsel a copy of materials alleged by the State to be child pornography. We do not need to reach the constitutional issue because we hold that Rule 15.1, under the facts presented by this case, requires the State to copy or make available for copying the materials at issue. However, on remand the trial court may still issue an appropriate order setting conditions on such reproduction to ensure that the copies are used only for defending this action, the materials are not recopied, and providing other safeguards consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Petitioner Anthony Jon Cervantes is charged with four counts of exploitation of a minor and numerous counts of sexual offenses against children. The case involves videotapes and photographs the Glendale Police Department seized from Cervantes.

¶ 3 Cervantes requested that copies of the tapes and photos be made and provided to his counsel to prepare for his defense. The State refused to provide copies, but offered Cervantes and his counsel the opportunity to review the materials. Cervantes moved the trial court to order the State to produce copies. The State opposed the motion, arguing copies were not required under Rule 15.1 and mere access was sufficient. At the initial hearing on the motion, Cervantes agreed that alternative arrangements could be made for viewing the materials without requiring copies. The trial court ruled that the State make the materials available for review provided that defense counsel be present during the review and the review be at one session.

¶ 4 Following that hearing, Cervantes and his counsel reviewed the materials at the jail where Cervantes was being held pending trial. A Glendale detective was assigned to sit outside the room to observe their handling of the evidence to avoid its destruction and protect the chain of custody. It is undisputed that the detective could not overhear their conversations. Cervantes and his attorney claim they spent more than 12 hours reviewing the tapes and photographs, but did not finish their review.

¶ 5 An additional hearing was then held before the trial judge. At that time, Cervantes asked the court to either have a different detective be outside the viewing room or to order the State to copy the materials. Cervantes told the trial court he was uncomfortable with any detective being outside the viewing room watching Cervantes and his attorney review the materials. Cervantes' attorney also explained that having to make appointments to review the materials over different days at the jail was very inconvenient. The State argued that the objections to such a review were insufficient, that it was being inconvenienced by having to supervise the review, but had graciously made arrangements for that review. It again stated that it would not make copies for the defense without a court order. It did not provide any facts showing that Cervantes or his attorney

might use the materials other than to defend the case at trial.

¶ 6 The trial court held that Cervantes' objections to the supervised review were insufficient and denied the motion to compel copying. The court explained that it would reconsider Cervantes' motion if, after Cervantes and his counsel reviewed the materials over the next two days, they could convince the court they needed copies made.

¶ 7 Cervantes then filed his special action petition from the trial court's order denying his motion to compel. After an oral argument on a motion to stay the trial, this Court ordered that the trial be stayed pending this Court's decision on the petition.

### SPECIAL ACTION JURISDICTION

■ ¶ 8 We have jurisdiction to entertain the petition pursuant to Article VI, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12–120.21(A)(4). We generally do not accept special action jurisdiction of a pretrial discovery dispute except where there is an order requiring disclosure of privileged or confidential material. However, this case presents two factors that justify accepting jurisdiction. First, this case presents an issue of law and a matter of first impression interpreting Rule 15.1 and related rules. Specifically, we need to decide whether a court can order the State to copy contraband under Rule 15.1 and who has the burden of proof to require copies to be made or to obtain a protective order under those rules. *Carpenter v. Superior Court*, 176 Ariz. 486, 487, 862 P.2d 246, 247 (App.1993).

¶ 9 The State contends that the petition is premature because the superior court instructed Cervantes to request relief if access to the materials proved difficult. That is not entirely accurate. The trial court stated that it would reconsider the motion to compel only if Cervantes could show why he needed copies to prepare his defense rather than continuing to review them at the jail. As we make clear in this decision, the trial judge

erroneously placed the burden of proof on the defendant to justify copying.

■ ¶ 10 Second, acceptance of special action jurisdiction is appropriate where there is a risk of conflicting decisions. *State ex rel. Pennartz v. Olcavage*, 200 Ariz. 582, 585, ¶ 9, 30 P.3d 649, 652 (App.2001); *Martin v. Reinstein*, 195 Ariz. 293, 301, ¶ 11, 987 P.2d 779, 787 (App.1999). This Court is aware that different divisions of the Superior Court in and for Maricopa County have reached conflicting decisions on the issue presented by this petition. *See State v. Racz*, CR 2002–008340 (where the Superior Court ordered the State to copy the alleged pornographic materials).[1]

### STANDARD OF REVIEW

■ ¶ 11 While a discovery-related matter generally is reviewed for abuse of discretion, a trial court abuses its discretion when it misapplies the law. *State v. Fields*, 196 Ariz. 580, 582, ¶ 4, 2 P.3d 670, 672 (App.1999). A court also abuses its discretion if there are no facts supporting its decision. *Id.; United Imports and Exports, Inc. v. Superior Court*, 134 Ariz. 43, 46, 653 P.2d 691, 694 (1982).

### DISCUSSION

¶ 12 Cervantes argued in his petition and at the stay hearing before this Court that he needs the materials seized by the police under Rule 15.1. He explained there are more than 23 hours of videotapes that must be reviewed and it would be impossible for him to review those tapes effectively at the jail. Cervantes relies on *Westerfield v. Superior Court*, 99 Cal.App.4th 994, 121 Cal.Rptr.2d 402 (2002), where the California Court of Appeal held that under California's pretrial disclosure rules the mere right to inspection is not sufficient and the trial court should have permitted the defendant to copy the materials to prepare for trial.

¶ 13 The State posits several arguments against copying. First, it contends that Cervantes did not make an adequate showing why supervised review was insufficient and

---

1. The State has filed a petition for special action from that order. *State v. Hotham*, 1 CA–SA 03–0173 (filed July 31, 2003).

the trial court's finding that review was adequate for preparation of the defense was within the trial court's discretion.

¶ 14 Second, relying on several decisions from other jurisdictions, the State appears to argue that since the materials are contraband, it does not have to make copies for the defense under Rule 15.1 provided the defense is given sufficient access to the materials. *E.g., United States v. Kimbrough,* 69 F.3d 723 (5th Cir.1995), *cert. denied,* 517 U.S. 1157, 116 S.Ct. 1547, 134 L.Ed.2d 650 (1996).

¶ 15 Third, although the State argued below it could copy the materials pursuant to a court order without violating Arizona's child pornography laws, it contended there was no immunity from those laws for defense counsel's possession of the materials. Thus, defense counsel could be charged with a crime if he had possession of the materials. The State attempts to distinguish *Westerfield* because, unlike section 13–3553, California's child pornography statute has an immunity provision for prosecutors and law enforcement officers.

¶ 16 As applicable to this case, Rule 15.1(c)(Supp.2002) provided, in pertinent part, that

> The prosecutor, upon written request, **shall** . . . make available to the defendant **for examination, testing and reproduction** any specified items contained in the list submitted under Rule 15.1(a)(4). The prosecutor may impose reasonable conditions, including an appropriate stipulation concerning chain of custody, to protect physical evidence produced under this section.

(Emphasis supplied.)[2] Rule 15.1(a)(4) refers to a list of "all papers, documents, photographs or tangible objects which the prosecutor will use at trial or which were obtained from or purportedly belong to the defendant." The duty to make materials available for examination, testing and reproduction applies only to materials in the possession or control of the prosecutor, members of the prosecutor's staff or of other persons who have participated in the investigation or evaluation of the case, and are under the prosecutor's control. Rule 15.1(d). Rule 15.1 provides no exception for contraband. Nor does Rule 15.4, which excepts from disclosure work product materials and certain information about informants.

¶ 17 In addition to Rule 15.1, two other rules are important to our analysis. Rule 15.5(a) provides, in pertinent part, that if a party shows good cause, the trial court may deny or regulate disclosures when it finds "(1) That the disclosure would result in a risk of harm outweighing any usefulness of the disclosure to any party; **and,** (2) That the risk cannot be eliminated by a less substantial restriction of discovery rights." (emphasis supplied) As explained in the comment to that rule, the trial court has broad discretion to limit discovery and the risks include the potential for harm to a witness or a party or interference with or disruption of ongoing police investigations.

¶ 18 Rule 15.4(d) also provides that any "materials furnished to an attorney pursuant to this rule shall not be disclosed to the public but only to others to the extent necessary to the proper conduct of the case."[3]

**2.** On May 31, 2002, the Arizona Supreme Court amended Rule 15.1, effective December 1, 2002. Those amendments do not apply here because the Court's May 31, 2002 order provided that the amendments apply only to criminal cases in which the indictment, information or complaint was filed on or after December 1, 2002 or an appellate mandate ordering a new trial was issued on or after December 1, 2002. Cervantes was indicted in 2001, making those amendments inapplicable. Additionally, the Court has since stayed the effective date of those amendments and a new petition to amend Rule 15.1 has been filed with the Supreme Court.

In any event, the stayed amendments to Rules 15.1(b)(5) and 15.1(f) are essentially identical to Rules 15.1(a)(4) and 15.1(c) applicable to this

case. The only exception is that the stayed amendments to Rule 15.1(f) provide that the prosecutor shall make the materials available to the defendant for examination, testing and reproduction unless otherwise ordered by a court. Similarly, the pending petition to amend Rule 15.1 does not propose to change the relevant portions of that rule.

**3.** Like Rule 15.1, the Arizona Supreme Court amended (and then stayed) Rule 15.4(d) effective December 1, 2002, but only as to indictments and new trials required by mandates issued on or after December 1, 2002. The stayed version of Rule 15.4(d) provides that any materials furnished to an attorney under the discovery rules "shall not be disclosed to the public and only to

¶ 19 Rule 15.1(a)(4) is modeled in part after Federal Rule of Criminal Procedure ("Federal Rule") 16. *See* comment to Rule 15.1(a)(4) in 16A A.R.S. annotated at 336 ("Comment to Rule 15").[4] As is made clear in both the cases interpreting Federal Rule 16 and the comment to Rule 15, the required disclosure and reproduction is mandatory and if a party wants protection from such mandatory disclosure and reproduction, it bears the burden to show good cause under Rule 15.5(a). *See* Comment to Rule 15 ("The disclosing party must notify the other parties that material . . . to be disclosed is ready for their inspection and may be examined and reproduced by them . . . It **must** make the material . . . available . . . upon request and provide suitable facilities for reproducing it . . . Additional disclosures under Rule 15.1(c) . . . are required upon simple written request by the opposing party . . . Thus, for those matters contained within the scope of Rules 15.1(a), (b) and (c) . . . a party **must,** with narrow exceptions, seek court action to avoid making disclosures") (emphasis supplied); *United States v. Bocra,* 623 F.2d 281, 285 (3rd Cir.1980) (when defense counsel makes an appropriate discovery request, the government must respond by turning over the materials directly to the defendant or to the trial judge); *United States v. Isa,* 413 F.2d 244, 248 (7th Cir.1969) (burden on party seeking protection to show reasons why disclosure should not be had); 2 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* (Crim. 3rd ed.) § 258 (2000) (same). *Compare Fields,* 196 Ariz. at 582, ¶ 4, 2 P.3d at 672 (under Rule 15.1(e), providing for additional material or information "not otherwise covered by Rule 15.1,"

the person seeking disclosure bears the burden of proof to obtain disclosure).

¶ 20 In summary, Rules 15.1 and 15.5 require the State to provide to a defendant for examination, testing and reproduction the materials seized from the defendant where those materials are contained in the list required by Rule 15.1(a)(4) and are either in the prosecutor's possession or control.

■ ¶ 21 The State does not contend that the materials at issue were not seized from Cervantes or are not within the prosecutor's possession or control. Rather, the State's first argument is that the trial court acted within its discretion when it found access for viewing was sufficient. That argument ignores the text of Rules 15.1 and 15.5. First, the trial court improperly placed the burden of proof on Cervantes to show why he should have the materials reproduced. The rules require that the materials be made available for examination, testing and reproduction unless the party seeking protection (here, the State) can show good cause for a court order protecting it from complying with the rule. The State did not demonstrate and has not offered any good cause for such an order. Rather, it only sought to preclude the copying on the grounds that the materials were contraband and that Cervantes had not shown why access to the materials was insufficient.[5]

¶ 22 Second, even if we construe the State's position below as requesting a protective order, the trial court never made the findings of fact required by Rule 15.5(a). The State never presented any evidence that either Cervantes or his attorney would use

other persons to the extent necessary for the proper conduct of the case."

4. Until 1983, Rule 16(a)(1)(C) provided, in pertinent part, that upon the "request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects . . . within the possession, custody or control of the government, and which . . . were obtained from or belong to the defendant." Currently, these requirements are found in Rule 16(a)(1)(E). Rule 16(d) provided, in pertinent part, that "[u]pon a sufficient showing the court may . . . order that the discovery or inspection be denied, restricted, or deferred, or make such other order

as is appropriate." Currently, Rule 16(d) provides for such relief upon a showing of good cause.

5. The prosecutor may seek to place reasonable restrictions on any disclosure pursuant to Rule 15.1(c). However, that power is limited to restrictions on the performance of the prosecutor's duty, not an abrogation of such a duty. Rule 15.1(c) does not permit the restriction to abrogate the rule. Absent a stipulation by the parties, only a court can relieve the prosecutor of the duty to make the materials available for examination, testing and reproduction on a showing of good cause.

the materials other than for this case in violation of Rule 15.4(d). Nor did it present any evidence of any other harm. Thus, there was no factual basis under Rule 15.5(a) to deny Cervantes the right to examine the materials and have them reproduced in preparation for and use at trial.

¶ 23 Nor can this Court ignore the less restrictive alternative requirement of Rule 15.5(a)(2). Presumably, the trial court was concerned that copying the materials could lead to it being used for purposes other than preparation of the defense despite Rule 15.4(d). However, an order restricting access to the copies to Cervantes, his attorney and his attorneys' agents for defense preparation, having the State rather than the defense make the copies,[6] precluding further copying and requiring the copies be returned to the State at the conclusion of the trial or appeal would be less restrictive. *Westerfield,* 99 Cal.App.4th at 998, 121 Cal.Rptr.2d 402.

■ ¶ 24 The State's second argument is that Rule 15.1 does not require it to make contraband, such as illegal drugs or pornography, available to defendants. Contraband is property that is unlawful to produce or possess. *Baines v. Superior Court,* 142 Ariz. 145, 151, 688 P.2d 1037, 1043 (App.1984). However, Rule 15.1 does not have an exception for contraband and we are not free to rewrite that rule. Additionally, federal law is relatively uniform in holding that a defendant has a right to samples of drug contraband to perform the defendant's own tests to prepare for trial. William G. Philpot, Annotation, *Illegal Drug or Narcotics Involved in Alleged Offense as Subject to Discovery by Defendant Under Rule 16 of Federal Rules of Criminal Procedure,* 109 A.L.R. Fed. 363 §§ 3–4(1992); *United States v. Noel,* 708 F.Supp. 177 (W.D.Tenn.1989). The federal disclosure rules are similar to the language of Rule 15.1(c), which requires the State to make tangible objects seized from the defendant and within the State's control available for testing without regard to whether it is contraband.

¶ 25 As pointed out by the State, several courts have interpreted Federal Rule 16 or a similar state rule to deny copying of pornographic evidence if the defense is given sufficient access to such material for trial preparation. *United States v. Horn,* 187 F.3d 781, 792 (8th Cir.1999); *Kimbrough,* 69 F.3d at 730–31; *State v. Ross,* 792 So.2d 699 (Fla. App.2001). *Accord United States v. Husband,* 246 F.Supp.2d 467, 469 (E.D.Va.2003). Thus, in *Horn,* the court affirmed the conviction, holding that the materials were contraband, access to allow an expert to review the materials was sufficient and the defendant did not show how he was prejudiced by the order denying copying. In *Kimbrough,* the defendant moved to dismiss portions of the indictment because the government had refused to accede to his request to copy the materials. The court held that the trial court did not have to permit copying of contraband and the defendant could not show any reversible error where the government had offered to take the material to the defense expert's office or defense counsel's office. In *Ross,* the court adopted the reasoning of *Kimbrough* as to contraband and held that the defendant had failed to show any prejudice. In *Husband,* the court adopted *Kimbrough* and held that allowing the defense expert to have access to the materials was sufficient.

¶ 26 Those cases are distinguishable both because the courts were analyzing whether any possible error was harmless and, in at least one of those cases, the government was offering to bring the material to defense counsel to allow him to review them in the convenience of his office. Moreover, unlike Rule 15.5(a), which requires any protective order to consider whether any harm can be eliminated by a less substantial restriction of discovery rights, Federal Rule 16(d)(1) simply provides that a district court can deny discovery or inspection or grant other appropriate relief for good cause shown. To the extent those cases hold, without citing any authority, that the rules do not apply to contraband as a matter of law or that copying was not required without the government showing any harm or risk of misuse, we conclude those courts misstated the rule as

---

6. The State need not bear the cost of reproduction. Comment to Rule 15; *United States v.* *Freedman,* 688 F.2d 1364, 1366–67 (11th Cir. 1982).

to contraband and overlooked the burden of proof in obtaining a protective order.

¶ 27 We find the reasoning of the California Court of Appeal in *Westerfield* more persuasive. California Penal Code § 1054.1 requires the prosecutor to make materials seized from the defendant available to the defendant for inspection without mentioning a right to copy the materials.[7] There, the government refused to copy the alleged pornographic materials, arguing the state child pornography statute prohibited the copying and possession of such materials except by law enforcement agencies investigating and prosecuting offenses and other immaterial exceptions. The State reasoned that copying the materials for use by the defense would violate the statute. The prosecutors stated they had given defense counsel unfettered access to the images without law enforcement personnel in the room during the examination. The California Court of Appeal held that the State's reasoning was absurd because such an extension of the statute would make it a crime to be able to defend against the charges and nothing in the statute prohibited copying of the images for use by the defense in preparing for trial. The court also stated that requiring the defense to commit to memory thousands of images would impact on the defendant's right to effective assistance of counsel.

■ ¶ 28 We find such reasoning persuasive. Nothing in Rules 15.1 or 15.4 exempts contraband from being copied for use in defending criminal charges. As explained below, A.R.S. § 13–3553 does not extend to use of such material at or in preparing for trial. As in *Westerfield,* if there is any concern about disposition of the materials provided, a protective order limiting disclosure to counsel, prohibiting any further copying, and requiring defense counsel's agents to use the materials solely for the case and to return them to the State should be sufficient. Without any evidence of potential misuse of the materials by the defense, this less restrictive alternative is consistent with Rule 15.5(a).[8]

■ ¶ 29 The State's final argument is that A.R.S. § 13–3553 does not provide any immunity to defense counsel for his possession of the materials. We reject that argument as unpersuasive and inconsistent with the purpose of section 13–3553 to the extent that defense counsel uses the material solely for purposes of defending this case. Arizona's child pornography laws were not aimed at prohibiting defense counsel from preparing for trial, but to prohibit the spread of child pornography. 1978 Ariz. Sess. Laws, ch. 200, § 2.[9] This Court rejected a similar argument that A.R.S. § 13–3513 (prohibiting the sale of material harmful to minors through the knowing sale of such materials in coin- or slug-operated vending machines) was unconstitutional because it might apply to general circulation newspapers. Such a reading would frustrate the legislative purposes to that statute, which was much more narrow. *State v. Evenson,* 201 Ariz. 209, 218, ¶ 37, 33 P.3d 780, 789 (App.2001), *petition for cert. filed,* 72 U.S.L.W. 3092 (U.S. June 19, 2003 (No. 03–39)) (when analyzing statutes, we apply practical common sense constructions, not hyper-technical ones that would tend to frustrate legislative intent).

¶ 30 Accepting the State's argument would require this Court to hold that because section 13–3553 does not provide any immunity for law enforcement officials, police possession of contraband, be it drugs or child pornography, would be illegal. Similarly, the

---

7. The code section provided "The prosecuting attorney shall disclose to the defendant or his or her attorney all of the following materials and information, if it is in the possession of the prosecuting attorney or if the prosecuting attorney knows it to be in the possession of the investigating agencies .... (c) All relevant real evidence seized or obtained as a part of the investigation of the offenses charged."

8. We are mindful of the concern that a pro per defendant may seek copying of such materials. We leave it to the discretion of the trial court to place sufficient restrictions to ensure that the materials will be used only to prepare for the defense of the case.

9. The offense of "sexual exploitation of a minor" is set forth in A.R.S. § 13–3553(A). It includes knowingly "1. Recording, filming, photographing, developing or duplicating any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct. 2. Distributing, transporting, exhibiting, receiving, selling, purchasing, electronically transmitting, possessing or exchanging any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct."

State's showing of the pornography at trial and even this Court's receipt and possession of the pornographic materials on appeal would be illegal. Provided that defense counsel, like the police, prosecutors and court personnel use the material solely for their investigation, prosecution, defense and resolution of the case at hand, neither their possession of it nor the State's copying of it solely for such purposes should expose them to criminal liability. This conclusion is consistent with Rule 15.4(d) which provides that "materials furnished to an attorney pursuant to this rule shall not be disclosed to the public but only to others to the extent necessary to the proper conduct of the case." To the extent they use, copy, or distribute the materials outside of that purpose, they would be in violation of section 13–3553.

¶ 31 In conclusion, where there is no evidence either that the defense attorney or the defendant will use or distribute the material other than in preparation for and at trial or any other harm as required by Rule 15.5(a), the court should order the materials requested to be reproduced. The trial court should impose sufficient safeguards such as limiting the copies for use to defend the case, requiring the materials not be recopied without further permission of the court, prohibiting the defendant from viewing the material other than for assisting defense counsel, and other restrictions to minimize any chance the copies could be used other than for defending the case.

¶ 32 For all the reasons stated above, the trial court's order denying reproduction of materials seized from Cervantes and in police custody or control is vacated. On remand, the trial court may conduct any hearings, if necessary, to determine if there is good cause for a protective order and may issue an order imposing safeguards on the copying and use of the materials consistent with this decision.

CONCURRING: G. MURRAY SNOW, Presiding Judge and JOHN C. GEMMILL, Judge.