Filed 3/13/26  Niemann v. LVNV Funding CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JEFFREY P. NIEMANN, | H052797 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 22CV402583) |
| v. | |
| LVNV FUNDING, LLC, | |
| Defendant and Respondent. | |

Plaintiff Jeffery P. Niemann appeals the dismissal of his consumer class action under the Fair Debt Buying Practices Act.[1]  The trial court ruled he lacked standing because he alleged no actual harm from the claimed violation of the Act's notice requirement.  As we will explain, we will reverse the judgment because we conclude that the Act confers standing on any person who pleads that a debt buyer violated the Act regardless of any actual harm.

## I.  BACKGROUND

We take our factual summary from plaintiff's complaint, accepting as true all well-pleaded material facts.  (*Environmental Health Advocates, Inc. v. Sream*, *Inc.* (2022) 83 Cal.App.5th 721, 728–729.)  Defendant LVNV Funding, LLC is a debt buyer that purchased plaintiff's consumer debt from the original creditor Citibank N.A., which had charged off the debt as a loss when plaintiff defaulted on his payments.[2]  Defendant

---

[1] Civil Code section 1788.50 et seq.; undesignated statutory references are to this Code.

[2] The Act defines "Debt Buyer" as "a person or entity that is regularly engaged in the business of purchasing charged-off consumer debt for collection purposes, whether it collects the

(through its agent, Financial Recovery Services, Inc.) sent plaintiff a written communication about the debt that included the required notice of plaintiff's right to request records, but in a smaller type size than required by the Act. (§ 1788.52, subd. (d)(1).)

Plaintiff filed a class action complaint asserting a single cause of action and seeking statutory damages based on defendant's violation of the Act's minimum required type size. Defendant answered and moved for judgment on the pleadings under Code of Civil Procedure section 438. Defendant asserted plaintiff lacks standing in the absence of an allegation that the violation caused plaintiff any concrete injury or actual harm.

The trial court granted defendant's motion for judgment on the pleadings. The trial court based its decision on the reasoning of *Limon v. Circle K Stores Inc.* (2022) 84 Cal.App.5th 671, 702, a decision ruling that plaintiffs who allege no actual harm or concrete injury lack standing under California state law to assert a claim for violations of the federal Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.). Plaintiff appealed following entry of judgment.

## II.   DISCUSSION

### A.  STANDARD OF REVIEW

Code of Civil Procedure section 438 provides in relevant part that a defendant may move for judgment on the pleadings on the ground that "[t]he complaint does not state facts sufficient to constitute a cause of action against that defendant." (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii).) Such a motion "is equivalent to a demurrer and is governed by the same de novo standard of review." (*Kapsimallis v. Allstate Ins. Co.* (2002) 104 Cal.App.4th 667, 672.)

Standing "ensures that 'courts will decide only actual controversies between parties with a sufficient interest in the subject matter of the dispute to press their case

---

debt itself, hires a third party for collection, or hires an attorney-at-law for collection litigation." (§ 1788.50, subd. (a)(1).) Section 1788.50, subdivision (a)(2) defines a "charged-off consumer debt" as "a consumer debt that has been removed from a creditor's books as an asset and treated as a loss or expense." (§ 1788.50, subd. (a)(2).)

2

with vigor.' " (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 83 (*Kim*).)  Infringement of a statutory right "may qualify as a legitimate claim of beneficial interest sufficient to confer standing" on a party.  (*Holmes v. California Nat. Guard* (2001) 90 Cal.App.4th 297, 314–315.)  Whether a statutory provision confers standing is a question of law which we review de novo.  (*Neil S. v. Mary L.* (2011) 199 Cal.App.4th 240, 249.)

Our primary task when interpreting a statute is to ascertain the intent of the Legislature in order to effectuate the purpose of the law.  (*Westerfield v. Superior Court* (2002) 99 Cal.App.4th 994, 997.)  The language of the statute itself is the best indicator of legislative intent (*Williams v. Superior Court* (1993) 5 Cal.4th 337, 350), and we examine the statute's language in the context of the larger statutory scheme.  We give the language a plain and commonsense meaning, consulting legislative history only to resolve ambiguity.  (*North American Title Co. v. Superior Court* (2024) 17 Cal.5th 155, 169, 180.)

### B.  THE ACT CONFERS STANDING ON PLAINTIFF INDEPENDENT OF ACTUAL HARM

Section 1788.52, subdivision (d)(1) provides that a "debt buyer shall include with its first written communication with the debtor in no smaller than 12-point type" a separate prominent form notice regarding the debtor's rights to request certain debt-related records from the debt buyer.  (§ 1788.52, subd. (d)(1).)  The Act authorizes consumers to enforce the statutory requirements in both an individual capacity and as a class representative.  In an individual action brought under section 1788.62, subdivision (a)(2), "a debt buyer that violates any provision of [the Act] with respect to any person shall be liable to that person" for any actual damages sustained plus "[s]tatutory damages in an amount as the court may allow, which shall not be less than one hundred [$100] nor greater than one thousand [$1,000]."  (§ 1788.62, subd. (a).)  Similarly in a class action, a debt buyer "shall be liable for any statutory damages for each named plaintiff" and if the debt buyer "engaged in a pattern and practice of violating any provision of [the Act], the court may award additional damages to the class" of up to

the lesser of $500,000 or one percent of the debt buyer's net worth. (§ 1788.62, subd. (b).)

The trial court granted defendant's motion for judgment on the pleadings in 2024, before two different panels of this court ruled that the Act's plain language "expressly authorizes consumers who receive noncompliant collection letters to sue for the violation of their statutory rights, and nothing in the statute suggests that any injury beyond the noncompliance is required to impose civil liability per named plaintiff." (*Chai v. Velocity Investments, LLC* (2025) 108 Cal.App.5th 1030, 1037, 1037–1038, 1040 (*Chai*); *Guracar v. Student Loan Solutions, LLC* (2025) 111 Cal.App.5th 330, 346; see also *Kashanian v. National Enterprise Systems, Inc.* (2025) 114 Cal.App.5th 1037, 1044–1045 [construing similar provisions of California's Rosenthal Fair Debt Collection Practices Act (§ 1788 et seq.)].)

*Chai* analyzed the Act's description and treatment of three categories of damages—actual, statutory, and additional. (*Chai, supra*, 108 Cal.App.5th at pp. 1038–1039.) The court there determined that section 1788.62, subdivision (a) granted trial courts discretion to award statutory damages even if actual damage from the informational injury is nonexistent or otherwise fully compensated. (*Ibid*.) The court held actual damages were likewise unnecessary in a class action because section 1788.62, subdivision (b) makes offending debt buyers liable for "any statutory damages for each named plaintiff" and provides trial courts with discretion to award "additional damages" to the class if the debt buyer engages in a pattern and practice of violating any provision of the Act. (*Id*. at p. 1038.) We see no reason to depart from *Chai's* reasoning and conclusion that the plain meaning of the Act confers standing on plaintiffs who allege a violation of their statutory rights regardless of actual damages.

We reject defendant's assertion that plaintiff lacks standing because an award of statutory damages under section 1788.62, subdivision (b) is merely discretionary, not mandatory. Defendant does not explain how the discretion to award damages conflicts with the statute's plain language conferring standing to any consumer who receives a noncompliant collection notice. Nor does defendant offer any authority to support the

proposition. "When points are perfunctorily raised without adequate analysis and authority, we may treat them as abandoned or forfeited." (*City of Palo Alto v. Public Employment Relations Bd.* (2016) 5 Cal.App.5th 1271, 1302.)

We are also unpersuaded by defendant's attempt to distinguish *Chai* and *Guracar* on the ground that the plaintiffs in those cases were not provided with the required notice, whereas here defendant did provide the notice, but in smaller font size than the Act requires. The Act unambiguously imposes liability on debt buyers for "any" violation of the Act. Because the Act's language on this point is unambiguous, its plain meaning controls. (*Kim*, *supra*, 9 Cal.5th at p. 83.)

Defendant's arguments regarding *Chai's* discussion of Labor Code section 226 and Civil Code section 56.36 are also unavailing. Defendant argues that unlike the Fair Debt Buying Practices Act, Labor Code section 226 (concerning wage statements) explicitly requires a failure to provide the relevant document and does not grant discretion to award statutory damages. Defendant also argues that unlike the Fair Debt Buying Practices Act, Civil Code section 56.36, subdivision (b)(1) (concerning confidential medical records) expressly provides for a nominal damages award. *Chai* referenced those statutes as examples of the Legislature establishing a statutory right to information, treating violation of that right as an injury, and providing a monetary remedy for a purely informational injury. (*Chai*, *supra*, 108 Cal.App.5th at p.1040.) The differences between those statutes and the Fair Debt Buying Practices Act does not alter our conclusion that the plain meaning of the latter confers standing on a person who pleads statutory violations even without alleging actual harm.

### III.    DISPOSITION

The judgment is reversed. Plaintiff shall recover his appellate costs by operation of California Rules of Court, rule 8.278(a).

5

_____
Grover, Acting P. J.

**WE CONCUR:**


_____
Lie, J.



_____
Wilson, J.



H052797
*Niemann v. LVNV Funding, LLC.*