## A98A2194. FARLEY v. THE STATE.
### (507 SE2d 504)

ELDRIDGE, Judge.

Edward Farley III was convicted by a jury for the offense of sale of marijuana. He appeals from the denial of his motion for new trial. Without challenging the sufficiency of the evidence that supports his conviction, Farley alleges that a custodial statement he made, in which he admitted selling marijuana to Georgia Bureau of Investigation ("GBI") Agent Kimberly Ann Hull, should have been excluded because it was secured in violation of his right to remain silent.

The evidence adduced at the *Jackson-Denno*[1] hearing shows the following: In Tift County on January 30, 1997, Agent Hull was part of an undercover drug investigation during which Farley sold marijuana to the agent. When Farley was arrested on April 3, 1997, Agent Hull interviewed him. Agent Hull testified that she initially advised Farley of his *Miranda*[2] rights. Then, Agent Hull requested from Farley basic information such as his date of birth and address to complete the waiver of rights form that she was preparing for Farley's signature. After completing the waiver form, Agent Hull read the form, which included his *Miranda* rights, in its entirety to Farley. Farley signed the waiver form. Farley did not ask any questions about his rights, and it appeared to Agent Hull that he understood them. Agent Hull further testified that she did not offer Farley any hope or benefit in an attempt to get him to make a statement and that no one threatened or coerced Farley into making a statement. Farley did not request a lawyer at any time.

Agent Hull also testified that, from her observations, Farley did not appear to be under the influence of drugs or alcohol. There was nothing in Farley's speech or in the manner in which he talked to indicate he was under the influence of alcohol or drugs. Agent Hull did not smell alcohol on Farley, even though they were in close proximity. Farley was responsive to the questions Agent Hull asked and

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

appeared to understand what was happening.

After Farley signed the waiver, Agent Hull asked Farley if he wished to make a statement and Farley stated that he did not. When Farley indicated he did not want to make a statement, Agent Hull terminated the interview and began to fill out a personal identification form that needed to be completed prior to Farley's return to jail. Agent Hull testified that, minutes later, as she was completing the form, Farley spontaneously and voluntarily initiated a conversation with her, stating something to the effect that "he [Farley] remembered me [Agent Hull] being with him at this location." Agent Hull responded, "So you do remember me?" Farley responded, "yes." Farley went on to state that he remembered riding with Agent Hull from Lill's Bar in Tifton to another location in Tifton to obtain marijuana; he remembered Agent Hull giving him money to purchase marijuana; and he remembered giving Agent Hull the marijuana he had purchased.

"In ruling that the in-custody statement given by the accused was admissible, the trial court must[,] upon consideration of the totality of the circumstances, be satisfied by a preponderance of the evidence that the statement was freely and voluntarily given." (Citations and punctuation omitted.) *Billings v. State*, 212 Ga. App. 125, 128 (441 SE2d 262) (1994). Farley asserts that because Agent Hull's written summary of her interview with Farley did not indicate that Farley initiated the conversation, but only stated that "Agent Hull and Farley began a conversation on the trafficking of narcotics," the State failed to meet its requisite evidentiary burden under the totality of the circumstances. In explaining the wording of her written summary, Agent Hull testified that she always put her name first on her written summaries.

"On appeal, where the evidence is in conflict, the trial court's findings on factual determinations and credibility will be upheld unless clearly erroneous." (Citations and punctuation omitted.) *Williams v. State*, 199 Ga. App. 122, 123 (404 SE2d 296) (1991). Although the evidence shows that Farley asserted his right to remain silent before the statement was made and that Agent Hull's written summary did not state who initiated the discussion, the evidence also supports the trial court's finding that Agent Hull ceased interrogation once Farley invoked his right to remain silent and that, minutes later, Farley waived his previously invoked right to remain silent by spontaneously and voluntarily initiating further communication with Agent Hull about the investigation. Further, because of the short time span between the time Farley was read his *Miranda* rights and his statement, it was not error that Farley was not again informed of these rights. See *Rhodes v. State*, 200 Ga. App. 193, 195 (407 SE2d 442) (1991).

Accordingly, we find that the trial court did not err in finding Farley's statement to be admissible.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 2, 1998 —
RECONSIDERATION DENIED OCTOBER 16, 1998.

*L. Clark Landrum*, for appellant.
*C. Paul Bowden, District Attorney*, for appellee.

