## A00A1175. TREJO v. THE STATE.
### (537 SE2d 755)

PHIPPS, Judge.

Raul Trejo was convicted of the statutory rape and child molestation of a 12-year-old girl. In this appeal, Trejo contends that the trial court erred in allowing his confession into evidence, and he challenges the sufficiency of the evidence presented against him. Having considered these purported errors and found they lack merit, we affirm.

On appeal, the evidence must be considered in a light most favorable to the verdict, and Trejo no longer enjoys the presumption of innocence.[1] The evidence, when viewed in that manner, established that Trejo was living with the victim's family on weekends. One Saturday, Trejo volunteered to stay home to do car repairs while other members of the household went to a laundromat. The victim remained behind to babysit her three-year-old cousin. While the others were away, Trejo sexually assaulted the victim. Nearly immediately afterward, the girl phoned her best friend who advised her to call the police. The victim testified that she did not do so because she was too scared. Several days later, she told her cousin, also age 12, that something had happened and she might be pregnant.

Shortly thereafter, the victim approached a school guidance counselor, Regina Wright, for help. Based on the girl's recounting of the sexual assault by Trejo, Wright contacted Marjorie Wells, an investigator with the Department of Family & Children Services. Wells then obtained police assistance. Wells and Detective Rick Posey conducted a videotaped interview of the victim, and other members of the victim's family were questioned as well.

The gist of the victim's account was that while she was in the living room watching cartoons with the three-year-old, Trejo came inside from working on her mother's car and forcibly dragged or pulled her into a bedroom. After locking the door, Trejo removed her clothes, pushed her down onto the bed, and despite her repeated pleas to stop, raped her. Afterward, Trejo told her not to tell anyone because he planned to marry her aunt.

After other family members provided the same recounting of

---

[1] *O'Hara v. State*, 241 Ga. App. 855, 856 (528 SE2d 296) (2000).

their activities and whereabouts for the Saturday in question, an investigator invited Trejo to come to the police station for questioning. According to an investigator, no one had apprised Trejo of the details of the victim's allegations before Trejo provided a taped statement. Initially, Trejo denied the occurrence of any improper conduct. But later Trejo blurted out, "I didn't do nothing that day they went to the laundry." Later, he admitted attempting to have sex with the victim but claimed that she had been the instigator and that he had stopped when she said he was hurting her.

1. Trejo contends that the trial court erred in admitting his confession. Trejo claims that by using threats, deceit, and offers of assistance, the detectives improperly induced him to confess. He maintains that his confession was not made freely and voluntarily because he was told that he was "in serious trouble" and was "going to get convicted of rape."

In ruling that a defendant's custodial statement is admissible, a trial court must, upon consideration of the totality of the circumstances, be satisfied by a preponderance of evidence that the statement was freely and voluntarily given.[2] Assuming arguendo that the officers lied to Trejo in an effort to elicit incriminating comments, the use of trickery does not render a confession inadmissible so long as the means used are not calculated to procure an untrue statement.[3] Unless clearly erroneous, a trial court's factual findings and determinations of credibility relating to the admissibility of a confession will be upheld on appeal.[4]

At the *Jackson-Denno*[5] hearing, the evidence established that Trejo voluntarily came to the police department to discuss certain allegations being made about him. Before being questioned, Trejo was formally advised of his constitutional rights. A completed waiver of rights form signed and initialed by Trejo was entered in evidence. After Trejo waived his rights, Posey and Scroggins jointly interviewed him. Posey denied making any promises or threats. The interview, which was tape recorded, lasted 20 minutes.

At the conclusion of the *Jackson-Denno* hearing, the trial court found that Trejo had been advised of his rights and had voluntarily waived them. Although noting that some of the language used by one detective "may not have been the best," the court determined that Trejo had been neither threatened nor coerced. Because the trial court's findings are not clearly erroneous, we affirm.[6]

---

[2] *Farley v. State*, 234 Ga. App. 742, 743 (507 SE2d 504) (1998).

[3] *DeYoung v. State*, 268 Ga. 780, 789 (8) (493 SE2d 157) (1997).

[4] *Peebles v. State*, 260 Ga. 165, 166 (4) (391 SE2d 639) (1990).

[5] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[6] *DeYoung*, supra, 268 Ga. at 789 (8); *Moore v. State*, 207 Ga. App. 802, 803 (430 SE2d

2. Trejo claims that the evidence was insufficient to sustain his conviction for statutory rape. We disagree.

To sustain a statutory rape conviction, the requisite quantum of corroboration of a victim's testimony is slight evidence so long as such evidence tends to prove the incident occurred as alleged.[7] Here, the victim testified in considerable detail about her ordeal and described how she had repeatedly resisted Trejo's efforts to subdue her. The victim promptly reported to a friend what had happened to her. Other witnesses confirmed material portions of the victim's account. The jury listened to the taped interview and heard Trejo's own inculpatory revelations that he had engaged in consensual sex with the 12-year-old girl but had stopped after she said it was hurting her. Taken as a whole, this evidence was sufficient to corroborate the victim's testimony and to sustain the statutory rape conviction within the meaning of *Jackson v. Virginia*.[8]

3. Trejo contends that without his confession, which unfairly prejudiced him, the evidence was not sufficient to sustain his conviction for child molestation.

Notwithstanding Trejo's contention to the contrary, when *Miranda*[9] warnings are properly given and the person in custody voluntarily gives a statement to police without invoking his right to remain silent or requesting an attorney, he has effectively waived his rights and such evidence may be used against him.[10] Having considered the evidence in the light most favorable to the conviction, we find it was sufficient to show beyond a reasonable doubt that Trejo committed the offense of child molestation.[11]

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED JULY 25, 2000.

*Brian M. House*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, John L. O'Dell, Assistant District Attorney*, for appellee.

---

115) (1993).

[7] *Davis v. State*, 204 Ga. App. 657 (1) (420 SE2d 349) (1992); see *Simpson v. State*, 234 Ga. App. 729, 730-731 (2) (507 SE2d 860) (1998); OCGA § 16-6-3 (a).

[8] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Turner v. State*, 223 Ga. App. 448, 450 (2) (477 SE2d 847) (1996).

[9] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[10] *Moore*, supra, 207 Ga. App. 802.

[11] *Turner*, supra, 223 Ga. App. at 449 (1).