### A01A0681. BANKSTON v. THE STATE.
(548 SE2d 25)

MILLER, Judge.

Convicted of statutory rape,[1] Marvin James Bankston appeals on two grounds: the trial court erred in admitting his confession to having sexual intercourse with his 14-year-old daughter, and the evidence was therefore insufficient to sustain the conviction. The arresting officer testified that he gave Bankston *Miranda* warnings before the interrogation that led to the confession, that Bankston signed a waiver form acknowledging such, and that the officer made no promises or threats. Despite Bankston's testimony to the contrary, the court was authorized to believe the officer that the proper warnings were given before the interrogation.[2] Thus, the trial court did not clearly err in finding the confession was voluntarily given after a knowing and intelligent waiver of his rights.[3] Corroborated by the

---

[9] *Nash*, supra, 271 Ga. at 285.

[1] Bankston was also found guilty of child molestation and incest, which counts the court merged into the statutory rape count at sentencing.

[2] *Wilson v. State*, 211 Ga. App. 457, 458 (1) (439 SE2d 685) (1993).

[3] See *Wiley v. State*, 245 Ga. App. 580, 581-582 (2) (538 SE2d 483) (2000) (court may find that state met its burden of showing voluntariness of confession where officer testifies *Miranda* rights were given and no coercion or threats made); *Trejo v. State*, 245 Ga. App. 316, 317 (1) (537 SE2d 755) (2000) (burden is preponderance of the evidence).

confession, the victim's testimony that Bankston had sexual intercourse with her when she was 14 sufficed to sustain the conviction.[4] We affirm.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED APRIL 11, 2001.

*Sullivan & Sturdivant, Harold A. Sturdivant,* for appellant.
*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney,* for appellee.

---

[4] *Trejo,* supra, 245 Ga. App. at 318 (2); accord *Reece v. State,* 241 Ga. App. 809, 810 (527 SE2d 642) (2000); cf. OCGA §§ 16-6-3 (a) ("no conviction shall be had for this offense on the unsupported testimony of the victim"); 24-3-53 (confession must be corroborated to justify a conviction).