S05A0927. TENNILLE v. THE STATE.
(622 SE2d 346)

BENHAM, Justice.

This appeal is from James Tennille's conviction for sexual exploitation of children. A consent search of Tennille's home produced photographs of nude young females from a user-created folder on Tennille's computer titled "2002 side jobs and receipts." Based on the computer photographic files, Tennille was indicted on 21 counts of sexual exploitation of children in violation of OCGA § 16-12-100 (b) (8).[1] After denying a motion to dismiss based on the asserted unconstitutionality of the statute, the trial court conducted a bench trial at which an expert witness testified that the persons depicted in the photographs taken from Tennille's computer were under the age of 18. The trial court found Tennille guilty on 12 counts.

1. Tennille contends OCGA § 16-12-100 is unconstitutional because it denies persons charged under the statute effective assistance of counsel, a fair trial, due process, and equal protection of the law. The basis for Tennille's claim is that subsection (d),[2] which exempts

---

[1] "It is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." OCGA § 16-12-100 (b) (8).

[2] "The provisions of subsection (b) of this Code section shall not apply to the activities of law enforcement and prosecution agencies in the investigation and prosecution of criminal offenses or to legitimate medical, scientific, or educational activities." OCGA § 16-12-100 (d).

"the activities of law enforcement and prosecution agencies in the investigation and prosecution of criminal offenses . . ." from application of subsection (b), where the proscribed conduct is set out, does not have a comparable exemption for defense counsel and expert witnesses for the defense. This absence, he asserts, prevents meaningful access to the material on which the charges against him are based.

Tennille's attack on the statute runs aground on a basic principle: " 'The only prerequisite to attacking the constitutionality of a statute "is a showing that it is hurtful to the attacker. [Cits.]" ' [Cit.] A party has standing to challenge the constitutionality of a statute if the statute adversely impacts that party's rights." *Agan v. State*, 272 Ga. 540, 542 (1) (533 SE2d 60) (2000). Tennille cannot show the statute adversely impacted his rights because he made no effort to obtain what he contends the statute forbids him. He does not allege and the record does not show that he asked for access to the materials seized from his home for the purpose of preparing for trial. By contrast, when the effect of similar exemptions in similar criminal statutes has come under scrutiny in several other states, it has been in the context of efforts by the defense to obtain the contraband at the heart of the prosecution, and courts in those states have crafted means by which the defense can have meaningful access to the materials at issue. See *State v. Butler*, 2005 WL 735080 (Tenn. Crim. App. 2005); *State v. Second Judicial Dist. Court*, 120 Nev. 254 (89 P3d 663) (2004); *Cervantes v. Cates*, 206 Ariz. 178 (76 P3d 449) (2003); *Westerfield v. Superior Court*, 99 Cal. App. 4th 994 (121 Cal. Rptr. 2d 402) (2002).

Because Tennille can show no actual impact on him of the statute's failure to provide expressly for an exemption from its terms for the defense in a criminal prosecution, he lacks standing to challenge the constitutionality of the statute on that ground. *Horton v. State*, 251 Ga. App. 796 (2) (554 SE2d 812) (2001).

2. Tennille contends the evidence adduced at trial was not sufficient to support his convictions because others had equal access to the material on which the convictions are based. However, whether evidence of equal access is sufficient to rebut any inference of possession arising from discovery of contraband on Tennille's computer was a question for the trier of fact. *Ramsay v. State*, 175 Ga. App. 97 (7) (332 SE2d 390) (1985). The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Tennille guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

Decided November 21, 2005.

Ernie M. Sheffield, Robert R. McLendon IV, for appellant.
Joseph K. Mulholland, District Attorney, for appellee.