## A05A2264. SILVER v. THE STATE.
(625 SE2d 81)

MILLER, Judge.

Following a jury trial, Taisha Silver was found guilty on two counts of aggravated assault for her role in the attempted armed robbery of an Arby's restaurant. On appeal, she contends only that her trial counsel was ineffective for failing to cross-examine a State's witness about her disciplinary record as an Arby's employee. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Silver held a gun to the head of an Arby's employee while Silver and a compatriot attempted to rob the restaurant.[1] Following the denial of her motion for new trial, Silver appeals.

To prove ineffective assistance, Silver was required to show that counsel's performance was deficient and that this deficient performance prejudiced her defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S.

---

[1] Silver does not challenge the sufficiency of the evidence supporting her conviction for her role in the attempted robbery, and most of the details relating to the attempted robbery are irrelevant for purposes of this appeal. See *Broome v. State*, 273 Ga. App. 273, 274-275 (614 SE2d 807) (2005), where Silver's co-defendant unsuccessfully challenged the sufficiency of evidence, for a more detailed discussion of the facts surrounding the attempted robbery.

668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

At the motion for new trial hearing, Silver argued that her trial counsel was ineffective for having failed to cross-examine the victim about two disciplinary reports filed against the victim during her employment at Arby's. Silver argued that a proper cross-examination of the victim with the two disciplinary reports would have shown that the victim had reason to fabricate her story about the attempted robbery in order to avoid disciplinary action for having voluntarily allowed Silver and her companion to come behind the service counter. Silver claims that her trial counsel's failure to pursue this theory amounted to ineffective assistance. This argument fails for at least two reasons.

First, after thorough investigation and client consultation, strategic decisions on matters such as which witnesses to call, how to conduct cross-examinations, and what objections to make are virtually unchallengeable and do not amount to ineffective assistance. See *Schwindler v. State*, 254 Ga. App. 579, 588-589 (10) (563 SE2d 154) (2002). Here, Silver's counsel consulted with her about the State's witness and pursued a defense theory that the victim was a willing participant in the attempted robbery, and chose not to assert that the victim was lying about the robbery to avoid disciplinary action. Nevertheless, trial counsel elicited testimony from Silver herself indicating that the victim allegedly feared disciplinary action for voluntarily allowing Silver and her companion behind the counter during the planned robbery.

> While other counsel, had they represented appellant, may have exercised different judgment, the fact that the trial counsel chose to try the case in the manner in which it was tried and made certain difficult decisions regarding the defense tactics to be employed with which appellant and [her] present counsel now disagree, does not require a finding that the representation below was so inadequate as to amount to a denial of effective assistance of counsel.

(Citation omitted.) *Van Alstine v. State*, 263 Ga. 1, 4-5 (426 SE2d 360) (1993).

Second, the record does not reveal that Silver was in any way prejudiced by her counsel's decision to refrain from using the victim's disciplinary record during cross-examination. At the motion for new trial hearing, appellate counsel cross-examined the victim using her Arby's disciplinary record in an attempt to show how trial counsel

should have used the documents to reveal the victim's motivation to lie about the robbery. The victim testified unequivocally at the motion hearing, however, that two disciplinary reports involving a $7 cash register shortfall (which the victim repaid) and the failure to make a timely deposit that remained in an Arby's safe over a weekend were minor, and that she had no fear of getting into more trouble for being seen with Silver and her companion behind the Arby's counter because the restaurant was being robbed at the time. Evidence therefore supported the trial court's conclusion that "had cross-examination of the victim . . . been performed as current counsel demonstrated at the hearing on the motion for new trial, there is no reasonable likelihood that the outcome of the trial would have been different." See *Kimmons v. State*, 267 Ga. App. 790, 792 (2) (a) (600 SE2d 783) (2004) (no ineffective assistance shown where defendant could not show what trial counsel could have done differently to affect outcome of trial).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 12, 2005.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.