A06A0637. WILSON v. THE STATE.
(631 SE2d 391)

PHIPPS, Judge.

A group of teenagers rented adjacent rooms at a motel and held a raucous, unsupervised New Year's Eve party. Among the participants were 17-year-old Genarlow Wilson, 17-year-old L. M., and 15-year-old T. C. The next morning, L. M. reported to her mother that she had been raped. Police were notified, and the motel rooms were searched. During the search, a videocamera and videocassette tape were found. The tape showed Wilson having sexual intercourse with an apparently semiconscious L. M. and T. C. performing oral sex on Wilson.

As a result, Wilson was charged with the rape of L. M. and with the aggravated child molestation of T. C. Acquitted of the former offense and convicted of the latter, he was given a mandatory sentence of ten years imprisonment without possibility of parole. He

---

[5] 254 Ga. App. 549 (562 SE2d 835) (2002).
[6] *King v. State*, supra at 385 (1) (footnotes omitted), citing *Green v. State*, supra.

moved for a new trial, claiming, among other things, that defense counsel was ineffective in failing to challenge the constitutionality of certain Georgia statutes (OCGA §§ 16-6-4 (c), 16-6-4 (d) (1), and 17-10-6.1) insofar as they mandate a ten-year sentence without possibility of parole where, as here, a seventeen-year-old male and fifteen-year-old female have "voluntarily" engaged in oral sex. Finding no merit in Wilson's suggested constitutional challenge, the court found no ineffectiveness by counsel and denied Wilson's motion for new trial. Wilson appealed to the Supreme Court of Georgia, but the Supreme Court transferred the appeal to us. For reasons which follow, we affirm.

1. Wilson first contends that the trial court erred in denying his motion for new trial based on counsel's ineffectiveness in not challenging the constitutionality of OCGA §§ 16-6-4 (c), 16-6-4 (d) (1), and 17-10-6.1 as applied here.

Under OCGA § 16-6-4 (a), "[a] person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (c) provides that "[a] person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (d) (1) states that a person convicted of aggravated child molestation "shall be punished by imprisonment for not less than ten nor more than 30 years." OCGA § 16-6-4 (d) (1) additionally provides that any person convicted of aggravated child molestation shall also "be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 and 17-10-7." Under OCGA § 17-10-6.1, aggravated child molestation is a "serious violent felony" carrying a mandatory minimum sentence of ten years without possibility of parole.

Thus, if a seventeen-year-old male who engages in an act of sodomy with a female under the age of sixteen years is convicted of aggravated child molestation, he is subject to a mandatory sentence of ten years imprisonment without possibility of parole. If, however, that same teenage male engages in an act of sexual intercourse with the same female child and is convicted of statutory rape, he is guilty of only a misdemeanor. This is because the crime of statutory rape, though otherwise a felony, is classified as a misdemeanor under OCGA § 16-6-3 (b) if " 'the victim is 14 or 15 years of age and the person so convicted is no more than three years older than the victim.' "[1]

---

[1] *Dixon v. State*, 278 Ga. 4, 5 (1) (596 SE2d 147) (2004).

Wilson claims that this sentencing disparity violates equal protection. In transferring this appeal to us, however, our Supreme Court determined that Wilson's constitutional challenge was waived because it was first raised on motion for new trial and, therefore, not at the earliest opportunity. As authority, the Court cited *Lewis v. State*,[2] which applies the familiar rule that "[a]ll challenges to the constitutionality of a statute must be raised at the first available opportunity, and it is 'too late to raise such questions after a guilty verdict has been returned by the jury.' "[3] The transfer to us on that basis is problematic. Wilson's claim of ineffective assistance of counsel was filed "at the earliest practicable moment" on motion for new trial.[4] Wilson claims that counsel was ineffective in failing to challenge the constitutionality of the statute. That claim appears timely. It would appear, however, that Wilson's constitutional challenge was effectively resolved against him in *Odett v. State*.[5] The defendant in *Odett* argued that in light of *Powell v. State*,[6] there is no rational basis for treating child molestation based on an act of sodomy differently from child molestation based on other acts. The Court in *Odett* rejected this argument, holding that "the General Assembly could reasonably conclude that the psychological well-being of minors is more damaged by acts of sodomy than by acts of intercourse, and that such acts warrant a greater punishment for child molestation by sodomy. . . ."[7] In any event, because the Supreme Court's determination in the transfer order is final and binding,[8] Wilson's constitutional challenge is untimely and thus waived.

2. Next, Wilson argues that the Child Protection Act of 1995 and the Child Sexual Commerce Prevention Act of 2001 create doubt as to whether the legislature intended any "consensual" sexual activity between teenagers aged 14 to 17[9] to be treated as a felony, so that the rule of lenity requires imposition of misdemeanor punishment in this case. We cannot agree.

---

[2] 279 Ga. 69 (608 SE2d 602) (2005).

[3] Id. at 70 (2) (footnote omitted); but compare *Barnes v. State*, 244 Ga. 302, 303 (1) (260 SE2d 40) (1979) (even though a defendant's challenge to the constitutionality of a statute has not been ruled upon at trial, Supreme Court has discretion to decide the question on direct appeal to preclude later habeas challenge).

[4] See generally *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

[5] 273 Ga. 353 (541 SE2d 29) (2001).

[6] 270 Ga. 327, 336 (3) (510 SE2d 18) (1998) (holding that Georgia's sodomy statute, OCGA § 16-6-2, infringes upon the state constitutional guarantee of privacy insofar as it criminalizes the performance of private, unforced, noncommercial acts of sexual intimacy between persons legally able to consent).

[7] 273 Ga. at 355 (2).

[8] *Coker v. State*, 261 Ga. App. 646, 647 (1) (583 SE2d 498) (2003).

[9] The state disputes the accuracy of Wilson's characterization of the sexual activity between himself and T. C. as "consensual" or "voluntary," because it has been held that

The Child Protection Act resulted in classification of statutory rape as a misdemeanor where the parties are teenagers within the specified age range.[10] The Child Sexual Commerce Prevention Act, in pertinent part, enhanced the punishments for persons convicted of pimping, pandering, or solicitation of sodomy where such acts are directed toward a person under the age of 18 years.[11] These acts neither expressly nor impliedly repealed the Code sections challenged by Wilson, either on their face or in their application here. "The rule of lenity entitles the accused to the lesser of two penalties where the *same* conduct would support either a felony or misdemeanor conviction. [Cit.]"[12] In *Dixon v. State*,[13] the Supreme Court of Georgia applied this rule where the jury found that, based on the same conduct, the defendant was guilty of both misdemeanor statutory rape and aggravated child molestation, a felony.[14] Wilson was convicted of only one offense, aggravated child molestation; and it was not based on the same conduct that would have supported a conviction for statutory rape. For these reasons, the rule of lenity is inapplicable;[15] and the arguments advanced by Wilson are without merit.

3. Wilson contends that the trial court erred in admitting the videotape and still photographs taken from the tape over objection by the defense that the videotape was not properly authenticated.

As a general rule, "a videotape is admissible where the operator of the machine which produced it, or one who personally witnessed the events recorded testifies that the videotape accurately portrayed what the witness saw take place at the time the events occurred."[16] In 1996, however, the General Assembly passed an act (codified at OCGA § 24-4-48) providing procedures for the admission of photographs, motion pictures, videotapes, and audiotapes when a person who could otherwise authenticate such evidence is unavailable.[17]

OCGA § 24-4-48 (b) provides:

Subject to any other valid objection, photographs, motion pictures, videotapes, and audio recordings shall be admissi-

---

children do not have the capacity to give consent to or to resist a sexual act directed at them. *Brown v. State*, 268 Ga. 154, 155 (486 SE2d 178) (1997), modified on other grounds, 270 Ga. 601-604 (2)-(4) (512 SE2d 260) (1999).

[10] Ga. L. 1995, pp. 957, 958, § 3 (amending OCGA § 16-6-3).

[11] Ga. L. 2001, p. 92 et seq. (amending OCGA §§ 16-6-13; 16-6-14).

[12] *Quaweay v. State*, 274 Ga. App. 657, 658 (618 SE2d 707) (2005) (emphasis in original).

[13] Supra.

[14] *Shabazz v. State*, 273 Ga. App. 389, 390 (1) (615 SE2d 214) (2005).

[15] See id.

[16] *Phagan v. State*, 268 Ga. 272, 281 (5) (486 SE2d 876) (1997).

[17] See id. at 280-281; *Ross v. State*, 262 Ga. App. 323, 326-328 (4) (585 SE2d 666) (2003).

ble in evidence when necessitated by the unavailability of a witness who can provide personal authentication and when the court determines, based on competent evidence presented to the court, that such items tend to show reliably the fact or facts for which the items are offered.

Here, L. M. was a witness who appeared at trial and might have provided personal authentication of the videotape by testifying that it accurately portrayed what took place at the time of the occurrence of the events in question.[18] She could not, however, provide such testimony because she had lost consciousness as a result of drug and alcohol use. Although L. M. did regain consciousness during some of the events and did recall Wilson attempting to have sexual intercourse with her and trying to force her to give him oral sex, she did not have any independent recollection of the events depicted on the videotape. L. M. was, therefore, an unavailable witness under OCGA § 24-4-48, as she testified "to a lack of memory of the subject matter of the authentication."[19]

Nonetheless, in a pretrial statement to police, Wilson acknowledged that L. M. had performed oral sex on him on the evening in question and he did not dispute the accuracy of the videotape's depiction of it. At a pretrial hearing, the trial court considered this statement and found it admissible in evidence. Moreover, at trial, L. M. identified herself on the videotape, T. C. was identified on the videotape by her mother, and another attendee at the party identified herself on the videotape. Viewing the circumstances under which the videotape was discovered and considering its contents, the trial court did not abuse its discretion in ruling that there was sufficient competent evidence that it reliably showed the facts for which it was offered so that it was admissible in evidence to be given whatever weight the jury chose to accord it.[20]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED APRIL 28, 2006 —
RECONSIDERATION DENIED MAY 18, 2006 — 

*Brenda J. Bernstein, Celeste S. Jenks*, for appellant.

---

[18] See *Phagan v. State*, supra at 281.

[19] OCGA § 24-4-48 (a) (3).

[20] See *Ross v. State*, supra; see also *State v. Forehand*, 246 Ga. App. 590, 593-595 (2) (542 SE2d 110) (2000); compare *Phagan v. State*, supra.

*David McDade, District Attorney, James E. Barker, Christopher R. Johnson, Assistant District Attorneys*, for appellee.