## A07A0548. DALY v. THE STATE.
### (648 SE2d 90)

MIKELL, Judge.

Kevin Allen Daly was indicted for multiple offenses based on acts committed against his stepchildren, a girl aged three and a boy aged five: child molestation (three counts), aggravated sexual battery, and sexual exploitation of a child (six counts). Daly was convicted of all six counts of sexual exploitation of a child in violation of OCGA § 16-12-100 (b) (1)[1] based on sexually explicit computer-generated photographic files taken from his computer and introduced into evidence. A jury also found him guilty of all three counts of child molestation but could not reach a verdict on the aggravated sexual battery. A mistrial was declared on that charge. The trial court sentenced Daly to serve 70 years in prison. On appeal from the orders denying his motions for new trial, Daly asserts that the trial court erred in (1) denying his constitutional challenge to OCGA § 16-12-100 (d); (2) failing to inquire into his decision not to testify; (3) denying his challenge to the composition of the grand jury; and (4) denying his claim of ineffective assistance of counsel. We find no error and affirm.

1. In his first enumerated error, Daly asserts that the trial court erred in denying his constitutional challenge to OCGA § 16-12-100 (d), which exempts "the activities of law enforcement and prosecution agencies in the investigation and prosecution of criminal offenses" from the application of subsection (b), proscribing the conduct for

---

[1] OCGA § 16-12-100 (b) (1) provides: "It is unlawful for any person knowingly to employ, use, persuade, induce, entice, or coerce any minor to engage in or assist any other person to engage in any sexually explicit conduct for the purpose of producing any visual medium depicting such conduct."

which Daly was convicted. Daly alleges that the exemption, on its face and as applied to him, violates his constitutional rights to a fair trial, due process, equal protection of the laws, to counsel, to trial by jury and to confront witnesses against him. Daly, in effect, contends that he was denied the right to meaningful access to critical material for the defense because he could not examine the computer on which the sexually explicit images were found. Daly argues that the trial court should have either declared the statute unconstitutional or compelled the state to produce photographs, his computer hard drive, and his digital camera card for examination by defense counsel or defense expert witness.

At the outset, we note that Daly did not raise a constitutional challenge to OCGA § 16-12-100 (d) until his extraordinary motion for new trial, seven months after the denial of his first motion for new trial. "Challenges to the constitutionality of a statute must be made at the first opportunity, and it is too late to raise such question after a guilty verdict has been returned by the jury."[2] Daly thus is barred from raising a constitutional challenge to OCGA § 16-12-100 (d) on appeal.[3] In addition, the prosecution made the photographs available for inspection and offered to give the defense a mirror image of Daly's hard drive. Trial counsel never requested a copy of Daly's digital camera card. Daly's assertion that the trial court erred in failing to compel discovery therefore is meritless.

2. In his second enumerated error, Daly alleges that the trial court erred in failing to inquire into his decision not to testify. Daly has failed to provide any legal argument or citations of authority in support of this claimed error and thus has abandoned this enumeration on appeal.[4]

3. In his third enumerated error, Daly contends that the trial court erred in failing to grant his motion for new trial on the ground that the grand jury that indicted him was composed of 25 persons, in violation of OCGA § 15-12-61 (a), which states that "[a] grand jury shall consist of not less than 16 nor more than 23 persons." This claim of error fails for two reasons. First, it has been waived.

> Objections to the composition of a grand jury must be raised at the earliest opportunity. Hence, a challenge to the array of grand jurors is waived unless timely filed, and must be raised prior to the return of the indictment, or defendant

---

[2] (Citations and punctuation omitted.) *Kolokouris v. State*, 271 Ga. 597 (1) (523 SE2d 311) (1999). Accord *Wilson v. State*, 279 Ga. App. 459, 461 (1) (631 SE2d 391) (2006).

[3] See *Hardeman v. State*, 272 Ga. 361-362 (529 SE2d 368) (2000).

[4] See Court of Appeals Rule 25 (c) (2), (3) (i).

must show he had no knowledge, either actual or constructive, of such illegal composition.[5]

Daly did not raise this claim until the motion for new trial, and he made no showing that he lacked at least constructive knowledge of the grand jury composition. Second, the trial court found as a fact that the grand jury was properly comprised. In this case, there were two indictments; an order of nolle prosequi was entered on the first, and the case was tried on the second indictment. During the hearing on Daly's motion for new trial, the trial court explained that the practice in that circuit is to strike through the names of absent jurors on the face of the indictment. The names of 25 grand jurors appeared on the face of each indictment. Three names were stricken from the first indictment, and five names were stricken from the second indictment. Thus, the trial court found that the first grand jury was comprised of 22 people, and the second grand jury was made up of 20 people. "The trial court's findings of fact on motion for new trial are upheld unless clearly erroneous."[6] The court's findings on this issue are supported by the evidence, and, as such, are not clearly erroneous.

4. Finally, Daly contends that the trial court erred in denying his claim of ineffective assistance of counsel. He asserts that trial counsel's performance was deficient in 12 respects and that these deficiencies prejudiced him.

> In order to prevail on a claim of ineffective assistance, appellant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. Appellant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo.[7]

---

[5] (Citations omitted.) *Fuller v. State*, 182 Ga. App. 614, 615 (356 SE2d 554) (1987). But see *Evans v. State*, 17 Ga. App. 120-121 (86 SE 286) (1915) (issue properly raised by plea in abatement).

[6] (Punctuation and footnote omitted.) *Moss v. State*, 278 Ga. App. 362, 368 (3) (629 SE2d 5) (2006).

[7] (Citation omitted.) *Glidewell v. State*, 279 Ga. App. 114, 121 (7) (630 SE2d 621) (2006) (whole court).

(a) Daly contends that his trial attorneys were ineffective for failing to demur to the indictments because the grand juries were illegally comprised of 25 people. This claim fails because, as we held in Division 3, the grand juries were properly comprised. "Failure to make a meritless objection cannot be evidence of ineffective assistance."[8]

(b) Daly claims that trial counsel were ineffective in failing to challenge the constitutionality of OCGA § 16-12-100 (d) in a timely manner. Our Supreme Court has not directly addressed the issue of the constitutionality of OCGA § 16-12-100 (d); however, in *Tennille v. State*,[9] the Court held that a defendant lacked standing to challenge the constitutionality of OCGA § 16-12-100 (d) because he failed to request access to photographic files seized from his home computer in order to prepare for his trial on 21 counts of sexual exploitation of children.[10] In so doing, the Court noted that

> when the effect of similar exemptions in similar criminal statutes has come under scrutiny in several other states, it has been in the context of efforts by the defense to obtain the contraband at the heart of the prosecution, and courts in those states have crafted means by which the defense can have meaningful access to the materials at issue.[11]

Here, the state offered to give the defense a mirror image of Daly's hard drive, and the trial court stated that a defense expert would be permitted to observe the prosecution make the copy. Trial counsel expressed satisfaction with this procedure. This process appears to comport with the "meaningful access" with which the Supreme Court was concerned in *Tennille*. Under these circumstances, Daly's attorneys could not have anticipated that a challenge to the constitutionality of OCGA § 16-12-100 (d) would have been successful, and he was not denied effective assistance of counsel because they did not assert the claim.[12] In any event, "the standard for effectiveness of counsel does not require a lawyer to anticipate changes in the law or pursue novel theories of defense."[13] The verdict in this case was handed down on March 25, 2004, and *Tennille* was not decided until November 21,

---

[8] (Citation and punctuation omitted.) Id. at 123 (7) (c). Accord *Giacini v. State*, 281 Ga. App. 426, 431 (2) (636 SE2d 145) (2006).

[9] 279 Ga. 884 (622 SE2d 346) (2005).

[10] Id. at 885 (1).

[11] (Citations omitted.) Id.

[12] See id. See also *Glidewell*, supra at 122-123 (7) (b).

[13] (Punctuation and footnote omitted.) *Hughes v. State*, 266 Ga. App. 652, 655 (3) (a) (598 SE2d 43) (2004). Accord *Washington v. State*, 271 Ga. App. 764, 765 (1) (610 SE2d 692) (2005).

2005. Thus, trial counsel's failure to raise what was then a novel legal argument does not amount to ineffective assistance of counsel.

(c) Daly contends that trial counsel was ineffective because she failed to communicate and/or thoroughly discuss the state's plea offer with him. This assertion is belied by the record. Trial counsel testified at the hearing on the motion for new trial that she communicated to Daly the state's plea offer of twenty to serve ten; that she explained the evidence against him; and that she believed that he adequately understood the offer. Daly admitted that counsel conveyed a plea offer of twenty years to him, although he testified that she did not explain that he would only be required to serve ten years. He also asserted that counsel did not adequately inform him of the advantages of the offer. The trial court credited counsel's testimony by denying the motion for new trial. Because the trial court's finding that Daly was sufficiently informed about the plea offer is not clearly erroneous, this allegation of ineffectiveness fails.[14]

(d) Daly next argues that his counsel rendered ineffective assistance because she did not adequately inform him of his right to testify at trial. This assertion is belied by the record as well. Trial counsel testified that she reviewed with Daly the advantages and disadvantages of testifying, and that it was a tactical decision for Daly not to testify. "The decision whether or not to testify is a tactical one made by the defendant himself after consultation with counsel. The choice of whether to testify is ultimately a defendant's."[15] "We will not second-guess tactical decisions made at trial."[16]

(e) Daly contends that his counsel rendered ineffective assistance by failing to file a motion seeking county funds to hire an expert in computer forensics as a defense witness. The record shows that Daly dismissed his public defender and retained counsel to represent him at trial. Trial counsel testified that the cost to hire an expert to perform a scanned imaging would have been prohibitive for her client, and in any event, she and Daly discussed their options, and they decided to move to suppress the images. Moreover, counsel testified that it was difficult to argue that the images were invalid because Daly had admitted to an investigator that he had taken the pictures.

Although it is unclear from the hearing transcript whether counsel was aware that she could have petitioned the court for funds to hire an expert even though she was retained,[17] Daly has not borne

---

[14] *Hunter v. State*, 281 Ga. 526, 528 (2) (a) (640 SE2d 271) (2007).

[15] (Footnotes omitted.) *Chambers v. State*, 266 Ga. 39, 42 (3) (463 SE2d 887) (1995).

[16] (Footnote omitted.) *Giddens v. State*, 276 Ga. App. 353, 357 (3) (b) (623 SE2d 204) (2005).

[17] See *Hall v. State*, 272 Ga. App. 204, 205-206 (1) (612 SE2d 44) (2005).

his burden of showing that the outcome of his trial would have been different had counsel requested funds to hire an expert in computer forensics as a witness. To establish the prejudicial effect of trial counsel's failure to present expert testimony, an appellant "is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of the case."[18] Absent a proffer, "[Daly] cannot show that there is a reasonable probability that the outcome of the trial would have been different had his counsel taken the suggested course."[19] And, "[w]e do not judge effectiveness of counsel by hindsight or by what present counsel would have done."[20] Finally, a decision made after consultation with the client not to call an expert witness falls within the realm of trial tactics and strategy and provides no basis for a claim of ineffective assistance of counsel.[21]

(f) Daly next contends that his trial counsel was ineffective because she failed to investigate the charges sufficiently, and instead relied on Daly's wife for information. Apparently, counsel discovered after the trial that Daly's wife had an affair with, and became pregnant by, another man after Daly was arrested and jailed on the charges for which he was convicted. Counsel testified that if she had known about the affair, she "would have pushed [Mrs. Daly] harder on the stand." But the trial transcript shows that Mrs. Daly was a reluctant witness. She testified that she loved her husband and that she had not wanted the police involved. When she called her best friend for advice on the night she found the pictures on her husband's computer, the friend apparently called the police, and Mrs. Daly was upset with her friend for doing so. "[T]rial counsel is not required to anticipate that . . . corroborating witnesses have misled him."[22] Trial counsel in this case was not required to anticipate that Daly's wife would have an affair or might mislead the defense. Further, because she did not testify at the hearing on the motion for new trial, Daly has not shown that this witness was untruthful on the stand. Again, Daly has not demonstrated a reasonable probability that additional investigation by counsel would have changed the outcome of his case.[23]

---

[18] (Punctuation and footnote omitted.) *Pringle v. State*, 281 Ga. App. 230, 234 (2) (a) (635 SE2d 843) (2006).

[19] (Punctuation and footnote omitted.) Id.

[20] (Citation and footnote omitted.) *Madge v. State*, 245 Ga. App. 848, 851 (3) (a) (538 SE2d 907) (2000) (defendant failed to produce evidence at new trial hearing that state's methods of testing drugs were inadequate; thus, he failed to prove prejudice prong of ineffectiveness claim).

[21] *Pippins v. State*, 263 Ga. App. 453, 458 (4) (a) (588 SE2d 278) (2003).

[22] *Nicholson v. State*, 265 Ga. 711, 715 (4) (462 SE2d 144) (1995).

[23] See *Young v. State*, 280 Ga. 65, 70 (11), n. 5 (623 SE2d 491) (2005).

Moreover, to the extent Daly alleges that trial counsel was inadequately prepared for trial, we disagree, as the trial court found otherwise. Trial counsel testified that she met with, and corresponded with, Daly numerous times in preparation for trial; and that she approached the case very seriously, attending a national seminar sponsored by the National Association of Criminal Defense Lawyers. The record shows that she filed appropriate motions, thoroughly cross-examined the state's witnesses, and successfully prevented a conviction on the most serious count in the indictment, aggravated sexual battery. It follows that the trial court did not err in finding that Daly received effective assistance of counsel with respect to trial counsel's investigation of the case and preparation for trial.[24]

(g) Daly complains that his trial counsel was ineffective during her closing argument because she sympathized with the jury's distaste for the photographs that had been introduced into evidence. This claim lacks merit because counsel testified that she made a strategic decision to argue the evidence in this fashion after attending the national seminar, where she learned that it was not possible to ask the jury to ignore the photographs. "Counsel's decision as to which theory of defense to pursue is a matter of strategy and tactics,"[25] and such strategic decisions do not amount to ineffective assistance of counsel. We note that counsel also argued to the jury that the fact that they disliked the evidence or her client was not "enough to convict him of crimes he didn't commit."

(h) In three related assertions, Daly complains that trial counsel failed to object to the introduction of the state's evidence. Again, this claim is belied by the record, which showed that counsel raised numerous objections to the authenticity of the photographs. Moreover, the trial transcript shows that through her cross-examination of the state's expert in computer forensics, counsel raised the issue that the photographs might have been digitally altered. As for the reason that she did not object further or make motions for mistrial, counsel testified that her decision was based on a trial strategy not to alienate the jury and not to emphasize the photographs. "[S]trategic decisions on matters such as which witnesses to call, how to conduct cross-examinations, and what objections to make are virtually unchallengeable and do not amount to ineffective assistance."[26] We note, in addition, that "[a] claim of ineffective assistance of counsel is judged by whether counsel rendered reasonably effective assistance, not by

---

[24] See *Pippins*, supra at 459 (4) (b).

[25] (Punctuation and footnote omitted.) *Kemp v. State*, 257 Ga. App. 340, 341 (2) (571 SE2d 412) (2002).

[26] (Citation omitted.) *Silver v. State*, 276 Ga. App. 801, 802 (625 SE2d 81) (2005). See also *Bogan v. State*, 255 Ga. App. 413, 415-416 (3) (b) (565 SE2d 588) (2002).

a standard of errorless counsel or by hindsight."[27] The trial court did not err in finding that counsel's performance in this regard was within the wide range of reasonable professional conduct.

(i) Daly asserts that his trial counsel should have demanded a *Jackson-Denno* hearing to determine the voluntariness of his statement. But Daly has not shown how a hearing would have altered the outcome of his trial. At the hearing on the motion for new trial, Daly denied making the statement, but he failed to introduce any evidence to suggest that his statement was involuntary. Accordingly, this contention fails.[28]

(j) Lastly, Daly argues that his trial counsel provided ineffective assistance by failing to require corroboration of his confession. Again, this claim is belied by the record. In his statement to police, Daly admitted taking the pictures which formed the basis of his conviction for sexual exploitation of a child. This statement was corroborated by the testimony of Mrs. Daly. She testified that when she found the pictures and confronted Daly about them, he admitted that he had taken them, and he told her that he was very sorry and ashamed that he had done it.[29] As Daly's statement was corroborated, this claim of ineffectiveness fails.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 30, 2007 —
RECONSIDERATION DENIED JUNE 14, 2007 — 

*Ralph J. Villani, Bonnie M. Smith*, for appellant.
*Kelly R. Burke, District Attorney*, for appellee.

---

[27] (Citation omitted.) *Hooks v. State*, 280 Ga. 164, 165 (3) (626 SE2d 114) (2006).

[28] See *Givens v. State*, 281 Ga. App. 370, 372 (2) (636 SE2d 94) (2006).

[29] See *Bankston v. State*, 249 Ga. App. 118, 119, n. 4 (548 SE2d 25) (2001).