A10A0316. SMITH v. THE STATE.
(698 SE2d 355)

BERNES, Judge.

Allen Dewayne Smith was convicted of possession of cocaine, possession of marijuana, and obstruction. The trial court denied his motion for a new trial. On appeal, Smith contends that his trial counsel provided ineffective assistance by failing to impeach the arresting officer with his inconsistent testimony regarding the type of drug that he first observed in Smith's possession. We discern no error and affirm.

Viewed in the light most favorable to the verdict,[1] the evidence adduced at trial shows that on the afternoon of December 13, 2005, a Warner Robins police officer, wearing plain clothes and driving an unmarked vehicle, was engaged in an unrelated investigation at a pawn shop when he observed Smith walking through the pawn shop's parking lot. The officer knew Smith personally since they were cousins. As the officer continued to observe Smith, a small red vehicle, occupied by a female driver and a male passenger, entered the parking lot. After the male passenger exited the vehicle and went into the pawn shop, Smith approached the female driver. Smith spoke with the driver briefly, and then entered the passenger side of the vehicle.

The officer moved to an empty parking space directly next to the red vehicle, so that he could observe Smith's activities more closely. When the officer looked into the window of the vehicle, he observed Smith attempting to sell the driver several small baggies of suspected

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

marijuana. The officer then approached the vehicle to arrest Smith. Smith noticed the officer and attempted to dispose of the drugs. At that time, the officer saw that Smith was also holding rocks of suspected crack cocaine, which he was crumbling into tiny pieces.

The officer, displaying his badge, ordered Smith to raise his hands. When Smith refused to obey the officer's command, the officer attempted to restrain Smith inside the vehicle. Smith physically resisted and fought with the officer. The officer called for backup assistance. After additional officers responded to the scene, Smith was forcibly removed from the vehicle and was arrested.

The red vehicle was searched and several pieces of crack cocaine, weighing approximately 2.50 grams, were recovered in the front passenger side where Smith had been sitting. The officer also recovered small baggies of marijuana, weighing less than one ounce.

Smith was charged with multiple drug offenses and obstruction. His trial counsel filed a motion to suppress the drug evidence. The officer testified at the pretrial motion hearing, detailing the events that led to Smith's arrest. Smith's motion to suppress was denied, and the case proceeded to trial. Following the presentation of the evidence at trial, the jury found Smith guilty of possession of cocaine, possession of marijuana, and obstruction.

Smith filed a motion for a new trial, contending, inter alia, that his trial counsel provided ineffective assistance. Following a hearing, the trial court denied Smith's motion.

> In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), [a defendant] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. In addition, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. . . . The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citation and punctuation omitted.) *Herndon v. State*, 235 Ga. App. 258, 258-259 (509 SE2d 142) (1998). Smith has not shown that the trial court's decision in this case was clearly erroneous.

Smith complains that trial counsel failed to impeach the officer

with his prior testimony regarding the type of drug that Smith possessed when the officer first looked inside the vehicle. At the pretrial hearing on the motion to suppress, the officer testified that he had initially observed Smith showing the driver a small baggie of crack cocaine. At trial, however, the officer testified that he had initially observed Smith holding packages of marijuana and that he had observed Smith holding the crack cocaine when he subsequently approached the vehicle to make the arrest. Although trial counsel did not cross-examine the officer regarding this inconsistency in his testimony, Smith was not denied his right to effective assistance as a result.

"The manner in which an attorney attacks the credibility of a witness falls within the ambit of trial tactics." *Washington v. State*, 276 Ga. 655, 659 (3) (a) (581 SE2d 518) (2003). "The scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel." (Citation and punctuation omitted.) *Nava v. State*, 301 Ga. App. 497, 501 (1) (d) (687 SE2d 901) (2009). See also *Silver v. State*, 276 Ga. App. 801, 802 (625 SE2d 81) (2005); *Herndon*, 235 Ga. App. at 259.

At the motion for new trial hearing, trial counsel testified that she had made a tactical decision not to cross-examine the officer about the discrepancy in his testimony regarding which drug he saw first. Trial counsel explained that she focused her efforts on refuting evidence that the drugs belonged to Smith and that she attempted to avoid the repetition of testimony reflecting that Smith had actual, physical possession of any of the drugs. She further explained that since there was no dispute that the drugs were found in the vehicle, and the only dispute was whether the drugs belonged to Smith, she deliberately refrained from any cross-examination that would have called attention to the fact that the officer saw any of the drugs in Smith's hands. Instead, she chose to challenge the officer's credibility as to other details, so as not to give the officer an opportunity to clarify or reiterate his testimony regarding his observation of Smith holding the drugs.

> Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that [Smith] and his present counsel disagree with the decisions made by trial counsel does not require a finding that [Smith's] original representation was inadequate.

(Citation, punctuation and footnote omitted.) *Hazelrigs v. State*, 255

Ga. App. 784, 786 (2) (567 SE2d 79) (2002). Based upon the circumstances presented in this case, the trial court did not err in concluding that trial counsel's strategy was sound.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 7, 2010.

*William M. Peterson*, for appellant.

*Kelly R. Burke, District Attorney, Venita S. McCoy, Assistant District Attorney*, for appellee.